IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:18-MJ-1075-RJ-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER ON PROBABLE CAUSE |
| | ) | AND DETENTION |
| | ) | |
| JESUS CERVANTEZ-RUIZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court for a preliminary hearing on charges contained in a criminal complaint against Defendant and for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain Defendant pending further proceedings. On March 20, 2018, the government charged Defendant with being found in the United States after having previously been denied admission, excluded, deported and removed from the United States, after having been convicted of an aggravated felony, and not having obtained the express consent of the Attorney General, or his successor, the Secretary of Homeland Security, to reapply for admission thereto, in violation of 8 U.S.C. § 1326(a) & (b)(2). [DE-1].

At the hearing the government presented the testimony of HSI Special Agent Thomas Swivel. Defendant, represented by counsel, presented no testimony on probable cause, but presented the testimony of Mr. Benjamin Miday, as a potential third-party custodian. The court has considered the hearing testimony, corroborative of the affidavit in support of the complaint, as well as the pretrial services report, which was prepared by the Office of Pretrial Services and made available to the parties in advance of the hearing. The court finds Agent Swivel's testimony to be credible and sufficient to establish probable cause to support the charge

contained in the criminal complaint.

Having considered the record pursuant to 18 U.S.C. § 3142(g), the law requires that Defendant be detained pending further proceedings based on the following principal findings and reasons: (1) the nature of the offense charged and the strength of the government's case; (2) Defendant's criminal history, including convictions for similar conduct, and upon a finding that the instant offense is alleged to have been committed while Defendant was on supervised release following a conviction on similar conduct, all of which indicates an irremediable pattern of conduct, and (3) other findings and reasons stated in open court. While the court has considered the testimony of Mr. Miday, Defendant's proposed third-party custodian, the court finds the risk of non-appearance outweighs such evidence.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility must deliver Defendant to the United States Marshals for a court appearance.

So ordered, the 29th day of March 2018.

Robert B. Jones, Jr.
United States Magistrate Judge

2